UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ANDREA JOHNSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Case No. |
| v. ) | 5:17-cv-00483-JMH |
| ) | |
| TENNESSEE GAS PIPELINE, LLC, ) | **MEMORANDUM OPINION** |
| et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*

This matter is before the Court on Plaintiffs' Motion to Remand to State Court. [DE 7]. Defendants have responded [DE 8] and Plaintiffs replied [DE 9], thus, Plaintiffs' motion is ripe for decision. Having reviewed the motion, response, and reply, and being otherwise adequately advised, the Court will deny Plaintiffs' motion for the reasons set forth below.

*Background*

This case arises from an incident alleged to have occurred on August 1, 2016. Plaintiffs allege that a natural gas compression station owned and operated by Tennessee Gas Pipeline, LLC "discharged natural gas condensate and compressor oil." [DE 1, Compl. ¶10]. Plaintiffs allege the condensate contained "toxic compounds including, but not limited to, Benzene, Heptane, and Decane." [Id. at ¶12]. This discharge allegedly "created a visible oily film which settled on Plaintiffs' persons and Plaintiff's

physical and personal property" and caused "temporary and permanent damage to Plaintiff's physical and personal property as well as emotional distress and inconvenience." (*Id.* at ¶¶14, 16.) Plaintiffs also claim personal injuries resulted from their exposure to the condensate and compressor oil. [*Id.* at ¶17]. Plaintiffs' complaints against the Tennessee Pipeline and Kinder Morgan defendants include negligence, negligence per se; product liability; temporary nuisance; trespass; res ipsa loquitor; battery; and punitive damages. Plaintiffs further allege that A.S.T. Environmental, Inc.; AMEC Foster Wheeler Environment & Infrastructure, Inc.; and Clean Harbors Environmental Services, Inc. (collectively referred to by plaintiffs as the "Remediation Defendants"), engaged in "remediation efforts" at their property and "were negligent in their efforts to rid Plaintiffs' home, personal property and real property of the remnants of the natural gas condensate and compressor oil discharge." (Compl., at ¶¶7-9, 44-46.) Plaintiffs assert counts for negligence and punitive damages against the Remediation Defendants.

Plaintiffs filed their lawsuit in Powell Circuit Court on June 20, 2017. The parties exchanged discovery over the following months. Defendants served Request for Admissions, Interrogatories, and Requests for Production of Documents on Plaintiffs in an effort to determine the amount in controversy. Although Plaintiffs did not initially admit or deny that the amount in controversy exceeded

2

$75,000, after removal Plaintiffs supplemented their answers to discovery and admitted that they were not seeking in excess of $75,000. The parties appear to agree that diversity of citizenship is not at issue in the motion to remand.

*Standard*

The statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it initially could have been brought in federal court. A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. § 1332(a). Therefore, a defendant desiring to remove a case from state to federal court has the burden of establishing the diversity jurisdiction requirements of an original federal court action, including the amount in controversy requirement. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979). That burden is not an insubstantial one. *McKinney v. ICG, LLC*, No. 13-cv-12, 2013 WL 1898632, at *1 (E.D. Ky. May 7, 2013).

Where, as here, the complaint seeks an unspecified amount of damages "that is not self-evidently greater or less than the federal amount-in-controversy requirement," the removing defendants must carry its burden by a preponderance of the evidence. *Id.* at *2 (E.D. Ky. May 7, 2013) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir.1993), *abrogated on*

3

*other grounds by Friend,* 530 U.S. 77). The preponderance-of-the-evidence test requires defendants to support their claims to jurisdiction by producing "competent proof" of the necessary "jurisdictional facts." *Id.* (citing *Gafford,* 997 F.2d at 160) (internal citations omitted). "Competent proof" can include affidavits, documents, or interrogatories. *Ramsey v. Kearns*, No. 12-cv-06, 2012 WL 602812, at *1 (E.D. Ky. Feb. 23, 2012) (citing *Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007) (internal citation omitted)).

If the defendant does not produce evidence showing it is more likely than not that the plaintiffs' claims exceed $75,000, the case must be remanded to state court. *Id.* Federal courts are courts of limited jurisdiction, therefore, any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941); *Walsh v. American Airlines, Inc.,* 264 F. Supp. 514, 515 (E.D. Ky. 1967).

*Discussion*

Here, because Defendant removed this case from state court, it has the burden of proving that the requirements of diversity jurisdiction, including the amount in controversy, are satisfied by a preponderance of the evidence. *McKinney*, 2013 WL 1898632, at *2. "[I]n reviewing the denial of a motion to remand, a court

looks to whether the action was properly removed in the first place." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871–72 (6th Cir. 2000). Regarding the amount in controversy, Defendant states as follows in its Notice of Removal:

> 14. In Plaintiffs' responses to TGP's Request for Admissions served on July 21, 2017, Plaintiffs refused to admit or deny that the amount in controversy exceeded $75,000, the jurisdictional threshold of this Court.
>
> 15. Upon information and belief based on TGP's thorough investigation, including allegations of the Plaintiffs' Complaint and Plaintiffs' discovery responses to TGP and Defendant Clean Harbors Environmental Services, Inc., Plaintiff Andrea Johnson seeks compensatory damages in excess of $200,000.
>
> 16. The Plaintiffs also seek punitive damages. Even applying a conservative ratio of 1:1 punitive damages to Plaintiff Andrea Johnson's claimed compensatory damages, the amount in controversy exceeds $400,000, in excess of five times the jurisdictional requirement of this Court. *See, e.g., Heyman v. Lincoln National Life Insurance Company*, Civil Action No. 3:16-cv-37-DJH-DW, 2017 WL 3274452, *4 (W.D. Ky. April 27, 2017) (noting that a 1:1 punitive-damages ratio was "minimal"); *Proctor v. Swifty Oil Co., Inc.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, *2 (W.D. Ky. Oct. 1, 2012) (acknowledging that "the Supreme Court has embraced a punitive-to-compensatory damages ratio near 4-to-1," and holding that even a "ratio of 2-to-1" was a "restrictive estimate[] of compensatory and punitive damages.")
>
> 17. Considering the compensatory damages described in Plaintiff Andrea Johnson's discovery responses, and the 1:1 punitive damages ratio, the amount in controversy with respect to Plaintiffs' claims exceeds the

> jurisdictional minimum threshold of this Court.
>
> 18. This Court has supplemental jurisdiction over the claims of R.B. pursuant to 28 U.S.C. § 1367.

[DE 1, Defendant's Notice of Removal at ¶¶ 14-18].

Plaintiffs argue that they eventually supplemented their discovery answers to state that they are not seeking in excess of $75,000. Amount-in-controversy, for purposes of removal under 28 U.S.C. § 1441, is assessed at the time of removal, not answers to discovery a plaintiff may later make. Notably, Plaintiffs simply answered that they are not seeking in excess of $75,000; they have not stipulated to that.

The Court "review[s] the damages sought by Plaintiffs at the time of removal." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Plaintiffs claimed that the amount in controversy would not exceed $75,000 only after this case had already been removed. Events occurring after removal, including post-removal supplemental answers to discovery, "which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). At the time of removal, Plaintiffs had provided discovery responses that included more than $200,000 in property damages alone as related to Johnson, and refused to provide any value or limitation on recovery for any other personal

6

or real property damage, personal injury including past, present, and future medical bills, pain and suffering, mental anguish, lost wages, lost earning capacity, punitive damages, and consequential damages. Plaintiffs now claim the $200,000 in damages they attached to their discovery responses were not the actual value they are seeking; however, again, the determination of jurisdiction is made at the time of removal. At that time, Defendants had information that reasonably supported $200,000 in property damages alone. As Defendants noted, a 1:1 ratio of punitive damages based only on property damages would exceed the jurisdictional amount of this court.

> The law makes clear that a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action. . . . If relevant state law permits punitive damages on the facts alleged, such punitive damages are part of the amount in controversy for jurisdictional amount purposes.

*White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 27 (S.D. W.Va. 1994) (citing *Bell v. Preferred Life Assurance Society,* 320 U.S. 238 (1943)). While it appears property damages and punitive damages alone could reasonably exceed the jurisdictional limit of this court, that does not include any potential award for medical expenses, lost wages, consequential damages, or an award of pain and suffering. Even small awards for these claimed damages further

supports Defendant's position that the amount in controversy in this matter was in excess of $75,000 at the time of removal. Thus, the Court finds that at the time of removal, a realistic assessment of the record establishes the jurisdictional amount of $75,000.

Accordingly, for the reasons stated herein and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiffs' Motion to Remand be, and the same hereby is, **DENIED**.

This the 28th day of September, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge